USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/25/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUHUA HAN,

                Plaintiff,

      v.

KUNI'S CORPORATION *doing business as*
IKINARI STEAK USA AND PEPPER FOOD
SERVICE CO. LTD.,

                Defendant.

No. 19-CV-6265 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Defendant Pepper Food Service Co. Ltd. ("PFS") requests that the Court stay discovery against it pending resolution of its motion to dismiss. In evaluating such stay requests, courts consider several factors, including: "1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay." *Negrete v. Citibank, N.A.*, No. 15 Civ. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015). A party seeking a stay has the burden of demonstrating good cause. *Roper v. City of New York*, No. 15 Civ. 8899 (PAE) (GWG), 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017).

    Having considered PFS's motion to dismiss and the parties' letters at Dkts. 30-32, the Court concludes that a stay is warranted as to PFS. While the Court has not reached a decision on the motion to dismiss, PFS has raised substantial arguments in favor of dismissal of this action against it—including that PFS is not Plaintiff's "employer" within the meaning of the statutes referenced in the Complaint, and that Plaintiff failed to exhaust her administrative remedies to state a Title

VII claim against PFS. PFS has also established that discovery of PFS— a Japanese corporation located in Tokyo, Japan—would be costly and burdensome as depositions may only be conducted "on U.S. consular premises in Japan (where there is often a wait list), subject to various fees, and which will also require counsel to obtain special deposition visas," the relevant individuals do not speak English and therefore would require the use of interpreters and translators, and the parties may not take these depositions remotely. *See* Dkt. 30 at 2; Dkt. 32. Finally, Plaintiff has failed to establish that the risk of prejudice outweighs the burden of discovery on PFS. Accordingly, discovery shall be stayed as to PFS pending the Court's ruling on its motion to dismiss. Discovery as to Defendant Kuni's Corporation, however, will proceed. The Court will enter the parties' proposed Case Management Plan and Scheduling Order on the docket, and will hold a post-discovery conference on January 8, 2021 at 11:00 a.m.

SO ORDERED.

Dated: February 25, 2020
New York, New York

Ronnie Abrams
United States District Judge